**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000386**
**24-SEP-2018**
**11:03 AM**

NO. CAAP-17-0000386

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
BURT CALAYCAY, also known as BURT F. CALAYCAY,
Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAI'ANAE DIVISION
(1DCW-15-0001327)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Burt Calaycay (Calaycay) appeals
from the Notice of Entry of Judgment and/or Order, entered on
April 7, 2017, in the District Court of the First Circuit,
Wai'anae Division (District Court).[1] Calaycay was convicted of
Harassment, in violation of Hawaii Revised Statutes (HRS) § 711-
1106(1)(b) and/or (f) (2014).

On appeal, Calaycay contends the District Court erred
by (1) denying his motions (a) to compel election or to dismiss
the complaint, (b) for judgment of acquittal and (c) for
reconsideration of the denial of his motion for judgment of
acquittal, and (2) entering findings of fact numbers 2.d.ii and
5[2] and conclusions of law numbers 4a, 4b, 5, 5a, 6, 6a, and 7.
Calaycay also claims his conviction under HRS § 711-1106(1)(b)

---

[1] The Honorable Alvin K. Nishimura presided.

[2] Although Calaycay identifies other findings in his points on
appeal, he failed to argue how these findings were clearly erroneous.
Challenge to these other findings is hereby deemed waived. Hawai'i Rules of
Appellate Procedure Rule 28(b)(7).

and (f) violated his right to free speech under the United States Constitution and Hawaiʻi Constitution because these provisions are vague and overbroad.

Upon careful review of the record and the briefs submitted by the parties and Amicus Curiae Attorney General for the State of Hawaiʻi and having given due consideration to the issues raised by the parties and the arguments advanced, we resolve Calaycay's points of error as follows:

(1) The District Court did not err by denying Calaycay's Motion to Compel Election or to Dismiss Complaint. Calaycay argues that, because he was charged with two offenses in the same count in violation of Rule 8(a) of the Hawaiʻi Rules of Penal Procedure, he was not fully informed as to the cause or accusation against him nor sufficiently apprised of what he must be prepared to defend against. Whether a charge provides sufficient notice to a defendant is reviewed on appeal *de novo*. State v. Codiamat, 131 Hawaiʻi 220, 223, 317 P.3d 664, 667 (2013).

Calacay was charged with one count of Harassment, alleged to have been committed two different ways under HRS § 711-1106(1)(b) and/or (f),[3] not two separate offenses of Harassment. "Where a statute denounces several things as a crime and connects them with the disjunctive 'or', the pleader, in

---

[3]    HRS 711-1106(1)(b) and (f) (2014) provide,

§711-1106 Harassment. (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:

. . . .

(b)    Insults, taunts, or challenges another person in a manner likely to provoke an immediate violent response or that would cause the other person to reasonably believe that the actor intends to cause bodily injury to the recipient or another or damage to the property of the recipient or another;

. . . . or

(f)    Makes a communication using offensively coarse language that would cause the recipient to reasonably believe that the actor intends to cause bodily injury to the recipient or another or damage to the property of the recipient or another.

drawing an indictment, should connect them by the conjunctive 'and'." Terr. v. Lii, 39 Haw. 574, 579 (1952) (citing O'Neill v. United States, 19 F.2d 322, 324 (8th Cir. 1927)) (internal quotation marks omitted). The most appropriate method to allege one offense could have been committed in two different ways "is to allege in one count that the defendant committed the offense (a) in one way 'and/or' (b) in a second way." State v. Batson, 73 Haw. 236, 250, 831 P.2d 924, 932 (1992) (quoting State v. Cabral, 8 Haw. App. 506, 511, 810 P.2d 672, 675-76 (1991) (internal quotation marks omitted).

Here, the connector "and/or" was used in the charge to specify the alternative methods of committing Harassment as provided in subsections (b) and (f). Therefore, Calaycay was properly charged and fully informed of the cause and accusation against him and sufficiently apprised against what he must be prepared to defend.

(2) The District Court erred by denying the Motion for Judgment of Acquittal. When the evidence is viewed in the light most favorable to the prosecution, a reasonable mind could not fairly conclude guilt beyond a reasonable doubt because the State failed to produce evidence of all the elements necessary to convict Calaycay of Harassment. State v. Hicks, 113 Hawai'i 60, 69, 148 P.3d 493, 502 (2006). Specifically, the evidence presented failed to demonstrate Calaycay's statements caused the complainant (CW) to reasonably believe that Calaycay intended to cause her bodily injury.[4] HRS § 711-1106(1)(b) and (f). The State must prove that the victim in fact reasonably believed that the defendant intended to cause her bodily injury. State v. Bush, 98 Hawai'i 459, 460, 50 P.3d 428, 429 (2002). "Bodily injury" is defined as "physical pain, illness, or any impairment of physical condition." HRS § 707-700 (2014).

The State's sole witness--CW--testified that, at the time of the charged incident, she was seventeen years old and a participant, or "cadet," in the five-month, residential Youth Challenge program to earn her "GED." Calaycay was a "cadre" in

---

[4]     The evidence also fails to establish the alternative methods for violating HRS § 711-1106 (1)(b) and/or (f).

the program, supervising the participant-boys in the afternoons. Cadres could discipline the participants by ordering them to do push-ups, sit-ups, jumping jacks, or by "screaming" at participants for failure to obey the cadres. Towards the end of the program, at approximately 6:00 p.m. on October 25, 2013, Calaycay approached CW, asked her to come with him, away from the other cadets.

When they were alone, Calaycay

> would tell me he wanted to have sex with me and he wanted to get me wet and hit me from the back and have me ride him and that his -- it would be okay and he'll take me to the -- third floor and we could have sex in the -- in the -- where the cadres stay and that his team had his back and that I wouldn't get in trouble.

CW testified that Calaycay spoke in a conversational tone and did not appear angry, nor did he threaten to hurt CW physically. When asked to choose whether Calaycay "was trying to tell you that he was gonna hurt you or have you experience sexual pleasure[,]" CW chose the latter. CW also testified that she felt uncomfortable and scared because she "didn't know what to do and it was just weird. . . . I felt unsafe. I didn't have my mom there. . . . I was sad, I was depressed[.]"

Seven days later, at approximately 9:30 p.m., when CW was asleep in her bed at the program site, Calaycay called to her from outside the building, and

> called me out of my bunkers, and he was telling me how beautiful I was and how he wanted to hook up with me and how he wanted to see me naked.

CW testified that, as a result, she felt uncomfortable and unsafe. The CW also testified that she was scared, but explained it was "[b]ecause I didn't know what would happen to me if I wouldn't be able to graduate[,]" that if she did not graduate, she would not get a GED and would be "in there for nothing."

The District Court concluded that,

> A reasonable seventeen year old Cadet in the [CW's] position could reasonably fear that, by being propositioned for sexual acts by someone of [Calaycay's] position of power and control -- to the point that she felt scared, unsafe, and uncomfortable, non-consensual sexual contact, and thus bodily injury, might ensue.

CW's testimony, even taken in the light most favorable to the prosecution as we must, State v. Hicks, 113 Hawai'i 60, 69, 148 P.3d 493, 502 (2006), does not furnish substantial evidence that Calaycay's statements to CW caused her to "reasonably believe that the actor intends to cause bodily injury" to her as required by HRS § 711-1106(1)(b) or (f).[5] Indeed, CW's testimony, which was the only evidence that Calaycay made these statements to her, reflects that she did not believe Calaycay intended to hurt her. As there was no evidence of this element, the District Court erred in finding Calaycay guilty of Harassment.

Given our disposition of Calaycay's second point of error, we need not reach his other arguments.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order, entered on April 7, 2017, in the District Court of the First Circuit, Wai'anae Division, is reversed.

DATED: Honolulu, Hawai'i, September 24, 2018.

On the briefs:

Dwight C.H. Lum,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Kimberly Tsumoto Guidry,
Deputy Solicitor General,
for Amicus Curiae,
Attorney General of Hawai'i

Chief Judge

Associate Judge

Associate Judge

---

[5] Our conclusion makes it unnecessary to consider whether, or to what effect the District Court ruled upon Calaycay's Motion for Reconsideration.

5